UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL BOURGEOIS                                                                CIVIL ACTION

VERSUS                                                                         No. 23-1544

U.S. SHIPPING CORPORATION, ET AL.                                              SECTION I

ORDER & REASONS

Before the Court is plaintiff Paul Bourgeois' ("Bourgeois") motion to remand[1] the above-captioned action to the Civil District Court for the Parish of Orleans for lack of diversity jurisdiction. Defendant U.S. Shipping Corporation (hereinafter "U.S. Shipping") opposes[2] the motion. Also before the Court is defendant Buck Kreihs Marine Repair, LLC's ("Buck Kreihs") motion[3] to dismiss Bourgeois' claims against it for failure to state a claim. Bourgeois opposes[4] that motion. For the following reasons, the Court denies Bourgeois' motion to remand, and dismisses as moot the motion to dismiss.

I.   BACKGROUND

This is a maritime personal injury action. Bourgeois alleges that, on September 15, 2022, he was working aboard the PETROCHEM TRADER and ATB

---

[1] R. Doc. Nos. 7 (motion to remand) and 15 (reply memorandum in support of motion to remand).
[2] R. Doc. No. 10 (opposition to motion to remand by U.S. Shipping).
[3] R. Doc. Nos. 6 (motion to dismiss) and 9 (response memorandum in support of motion to dismiss)
[4] R. Doc. No. 8 (opposition to motion to dismiss).

1

BROWNSVILLE, which were being stored and repaired at the Buck Kreihs facility in Algiers, Louisiana.[5] U.S. Shipping is the owner and operator of the vessels.[6] Bourgeois was employed by Fire Protection Services ("FPS") as a licensed inspector at the time, and arrived at the facility with a number of other FPS employees.[7] Bourgeois claims that he sustained severe injuries to his arm and elbow after he tripped and fell over a retainer plate on the PETROCHEM TRADER once he had completed his inspection of the vessel.[8]

Bourgeois alleges that there were markings made with caution paint on one side of the retainer plate heading out towards where Bourgeois was conducting his inspection, but there was no caution paint on the other side of the plate, and that he therefore tripped on the plate while he was walking back.[9] Additionally, Bourgeois alleges the plate was painted the same color as the walkway surface.[10] As a result of this accident, Bourgeois' employer has paid (and continues to pay) him benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), and he has undergone two surgeries to date.[11]

For purposes of diversity jurisdiction, Bourgeois and Buck Kreihs are both citizens of Louisiana.[12] U.S. Shipping is a citizen of both Delaware and Florida.[13]

---

[5] R. Doc. No. 7-1, at 1.
[6] *Id.*
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*; *see* R. Doc. No. 7-2, at 1.
[11] R. Doc. No. 1-2, at 3.
[12] R. Doc. No. 1, at 3, 4.
[13] *Id.* at 4.

Bourgeois originally filed suit in the Civil District Court for Orleans Parish. U.S. Shipping removed the case to this Court on May 8, 2023, as the amount in controversy exceeds $75,000 exclusive of interests and costs, and, U.S. Shipping claims, Buck Kreihs was improperly joined as a defendant in this matter, as Bourgeois has failed to state a claim against Buck Kriehs. In its motion to dismiss, Buck Kreihs similarly argues that Bourgeois has failed to state a claim upon which relief can be granted because he fails to provide a sufficient factual basis implicating Buck Kreihs or outlining how it was negligent.[14]

In his motion to remand and in his opposition to the motion to dismiss, Bourgeois insists he has viable negligence claims against Buck Kreihs and that it was properly joined. He argues that there are still questions pertaining to what Buck Kreihs knew or should have known about the retainer plate when conducting other repair work on the vessels and whether any action or recommendation regarding the inadequate markings on the retainer plate was made by Buck Kreihs.[15] Bourgeois argues that the case should therefore be remanded back to state court due to a lack of complete diversity between parties.

## II.   STANDARD OF LAW

### a. Remand Standard

District courts "have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000[, exclusive of interests and costs,] and is

---

[14] R. Doc. No. 6-1, at 6.
[15] R. Doc. 7-1, at 3.

between citizens of a state and citizens or subjects of a foreign state." *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003) (citing 28 U.S.C. § 1332(a)(2)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise.

Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.,* 746 F.3d 633, 636-37 (5th Cir. 2014). However, "[i]f a [court] lacks subject matter jurisdiction, remand is permitted at any time before final judgment." *Falgout v. Mid State Land & Timber Co.,* No. 08-5088, 2009 WL 2163162, at *2 (E.D. La. July 16, 2009) (Lemelle, J.) (citing 28 U.S.C. § 1447(c) and *Doddy v. Oxy USA,* 101 F.3d 448, 456 (5th Cir. 1996)).

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Penninsular & Occidental S.S. Co.,* 287 F.2d 252, 253-54 (5th Cir. 1961)). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of Am. Corp.,* 605 F. App'x 311, 314 (5th Cir. 2015) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002)).

### *i.     Improper Joinder*

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 646--47 (5th Cir. 2003). As established by the Fifth Circuit in *Smallwood v. Illinois Central Railroad Co.,* "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state[, non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state[, non-diverse] defendant." 385 F.3d 568, 573 (5th Cir. 2004);[16] *see also Cumpian v. Alcoa World Alumina, L.L.C.,* 910 F.3d 216, 220 (5th Cir. 2018).

Pursuant to the Fifth Circuit's holding in *Smallwood,* to resolve this inquiry, a court may conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, considering "the allegations in the complaint to determine whether the complaint states a claim under the state law against the in-state defendant[.]" *Bayou Acquisitions, LLC v. Badger Daylighting Corp.,* No. 22-4541, 2023 WL 2367440, at *3 (E.D. La. Mar. 6, 2023) (Ashe, J.) (quoting *Smallwood,* 385 F.3d at 573). "Ordinarily,

---

[16] "While the Fifth Circuit uses the term 'fraudulent joinder' and 'improper joinder' interchangeably, the preferred term is 'improper joinder.'" *Ayres v. Sears,* 571 F. Supp. 2d 768, 772 (W.D. Tex. 2008) (citing *Smallwood,* 385 F.3d at 571 n.1 ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.")).

5

if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court, may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* "In conducting such an inquiry, the district court may consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* (quotation and citation omitted) "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* (quoting *Smallwood,* 385 F.3d at 573–74).

When determining the validity of an improper joinder claim, the Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005) "'[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.'" *Bayou,* 2023 WL 2367440, at *3 (quoting *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 412 (5th Cir. 2004)).

"The burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). When determining the validity of an improper joinder claim, "the district

6

court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Richmond v. Chubb Grp. of Ins. Companies,* No. 06-3973, 2006 WL 2710566, at *2 (E.D. La. Sept. 20, 2006) (Africk, J.) (quoting *Burden v. Gen. Dynamics* 213, 216 (5th Cir. 1995)). "The court must also resolve all ambiguities in the controlling state law in plaintiff's favor." *Id.* However, "[a] mere theoretical possibility of recovery . . . will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quotation and citation omitted).

### b. Dismissal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos,* 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc. v. T&B Constr. & Elec. Servs., Inc.,* No. 15-3034,

2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 255-57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms, Inc. v. Broudo,* 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004).

When considering a motion to dismiss, the court is generally limited to the factual allegations contained in the complaint and any attachments. *See Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 839 (5th Cir. 2004) ("Although the court may not go outside the complaint, the court may consider documents attached to the complaint"). However, the court may expand its review to consider the attachments to the defendant's motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Access Corp v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted); *see also Krane Enters v. MacGregor (USA),* 322 F.3d 371, 374 (5th Cir. 2003).

8

## III. ANALYSIS

As noted, the parties to this matter are not completely diverse, as both Bourgeois and Buck Kreihs are citizens of Louisiana. The only issue that may be resolved while a non-diverse party is still joined is that of jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 209 (5th Cir. 2016) ("[A]s long as a non-diverse party remains joined, the only issue the court may consider is jurisdiction itself." (emphasis omitted)). Accordingly, the Court first addresses Bourgeois' motion to remand.

### a. Bourgeois' Motion to Remand

In his motion to remand, Bourgeois argues he has a viable claim against Buck Kreihs and that the non-diverse citizenship of the parties cannot be disregarded on the basis of improper joinder.[17] U.S. Shipping argues remand is inappropriate because Buck Kreihs was improperly joined, and that the original pleadings do not state any claim upon which relief can be granted as to Buck Kreihs.[18]

Bourgeois' complaint sets forth minimal facts in support of his claim of negligence against Buck Kriehs, stating only that the vessels were being repaired at Buck Kriehs' facility. Bourgeois argues, however, that there are questions of fact pertaining to the work performed by the employees of Buck Kreihs on the vessels, and that such facts might support his claim against Buck Kreihs. He argues that the initial pleadings were sufficient in stating a cause of action for negligence in respect

---

[17] R. Doc. No. 15, at 1.
[18] *See generally* R. Doc. No. 10.

9

to Buck Kreihs, and U.S. Shipping has not carried the burden of showing that Buck Kreihs was improperly joined.[19]

### i. Improper Joinder

As articulated in *Smallwood,* the test for improper joinder is whether "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state[, non-diverse] defendant[.]"[20] *Smallwood,* 385 F.3d at 573. "The elements of a maritime negligence cause of action are essentially the same as land-based negligence[.]" *Withhart v. Otto Candies, L.L.C.,* 431 F.3d 840, 842 (5th Cir. 2005). "The plaintiff must demonstrate: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the plaintiff sustained injury, and (4) that a causal connection exists between the defendant's conduct and plaintiff's injury." *Id.* (citing *In re Cooper/T. Smith v. Gnots-Rsrv., Inc.,* 929 F.2d 1073, 1077 (5th Cir. 1991), *cert. denied,* 502 U.S. 865 (1991)).

Ship repair companies have "a general duty to act reasonably to prevent any foreseeable risks of harm to [non-employee] plaintiffs from [hazards] that might be caused by proximity of their operations to the plaintiffs' employment activities." *Palermo v. Port of Orleans,* 951 So.2d 425, 440 (La. Ct. App. 2007). However, a non-employer generally does not have any "duty to provide . . . a safe workplace." *Id.* at 435.

---

[19] *Id.* at 2; *see also* R. Doc. No. 7-1.
[20] U.S. Shipping does not argue actual fraud in the pleadings, so the Court will not address the first method to establish improper joinder.

U.S. Shipping asserts that Bourgeois' pleadings fail to set forth allegations supporting the duty, breach, or causation elements of his claim against Buck Kreihs.[21] Relying on an affidavit by Buck Kreihs' CFO, U.S. Shipping asserts that the repairs that Buck Kriehs was hired to do on the vessel "involved installation of a fan assembly and radiator in the Barge Machinery House" and "did not have anything whatsoever to do . . . with the retainer plate," that "Buck Kriehs had no involvement whatsoever in the work being performed by [FPS] and Paul Bourgeois," and that "Buck Kreihs was not hired . . . to inspect the vessel or evaluate potential safety hazards" on the vessel.[22]

Bourgeois does not dispute the facts in the affidavit, but argues that those facts do not determine the viability of his claims against Buck Kriehs because the affidavit does not state whether Buck Kreihs "made any recommendations . . . to U.S. Shipping for repairs or modifications to the walkway."[23] Bourgeois does not explain, however, why such facts would support his claim of negligence against Buck Kreihs. *See id.* at 440 (discussing a ship repairer's duty to a non-employee). Moreover, he offers only a "mere theoretical possibility" of a viable claim, which does not overcome otherwise improper joinder. *See Smallwood*, 385 F.3d at 573 n.9.

---

[21] R. Doc. No. 10, at 5.
[22] R. Doc. No. 10-4, ¶¶ 6–11.
[23] R. Doc. No. 15, at 3. In Bourgeois' memorandum in opposition of Buck Kreihs' motion to dismiss—filed prior to the affidavit at issue here—Bourgeois argued that if Buck Kreihs painted on or around the retainer plate in such a way as to create the hazard, then the company could be found liable for a negligence claim. R. Doc. No. 8, at 5. He appears to have abandoned that argument, as the affidavit forecloses it.

11

Because the affidavit elucidates "discrete and undisputed facts" that preclude Bourgeois' recovery against Buck Kriehs, the Court considers the substance of the affidavit in determining whether Buck Kreihs was properly joined. *Bayou Acquisitions*, 2023 WL 2367440, at *3. Considering the pleadings and the affidavit, the Court concludes that Bourgeois has no viable claim against Buck Kreihs, and that Buck Kreihs was improperly joined. Accordingly, the motion to remand will be denied.

### b. Buck Kreihs' 12(b)(6) Motion

As stated above, "as long as a non-diverse party remains joined, the only issue the court may consider is jurisdiction itself." *Int'l Energy Ventures Mgmt.,* 818 F.3d at 209 (emphasis omitted). Accordingly, the Court may "grant a motion to remand if a non[-]diverse party is properly joined [or] deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Id.* In the latter case, the plaintiff's claims against the non-diverse defendant are dismissed without prejudice. *Id.* ("When, as here, a court determines that a non[-]diverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice."). Buck Kreih's motion will therefore be dismissed as moot.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Bourgeois' motion to remand[24] is **DENIED** and his claims against Buck Kriehs are **DISMISSED WITHOUT PREJUDICE**.

---

[24] R. Doc. No. 7.

**IT IS FURTHER ORDERED** that Buck Kreihs' motion to dismiss for failure to state a claim upon which relief can be granted[25] is **DISMISSED AS MOOT.**

New Orleans, Louisiana, July 19, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[25] R. Doc. No. 6.